# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **KRYSTAL WILLIS, on behalf of herself and all other employees or former employees of DIRECT GENERAL INSURANCE AGENCY, INC., similarly- situated,** ) ) ) ) ) ) | |
| **Plaintiffs,** ) ) | |
| **v.** ) ) | **CASE NO. _____** |
| **DIRECT GENERAL INSURANCE AGENCY, INC.,** ) ) ) ) | |
| **Defendant.** ) | |

## COMPLAINT

COMES NOW, Krystal Willis, on behalf of herself and all other similarly-situated employees or former employees of Direct General Insurance Agency, Inc. and files this Complaint against Defendant Direct General Insurance Agency, Inc. and, in support thereof, shows as follows:

### INTRODUCTION

1. Direct General Insurance Agency, Inc. ("Direct General") employs hourly employees within the Northern District of Alabama. Direct General, through one or more of its supervisors, expected and required Plaintiff to work more hours than forty (40) hours in a given workweek but required her to clock out and work off of the clock to "skim" her hours and keep them below forty (40) hours per

week to avoid paying her overtime compensation.  Direct General also failed to include non-discretionary bonuses in calculating the Plaintiff's hourly rate for purposes of overtime payments.  Requiring employees to "skim" hours worked denies employees both overtime pay and minimum wage in violation of the Fair Labor Standards Act.

## JURISDICTION AND VENUE

2. This action arises under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201-219 (1988), including 29 U.S.C. § 216(b) ("FLSA").

3. This Court maintains subject matter jurisdiction under 29 U.S.C. § 216(b), and 28 U.S.C. § 1337.

4. Venue is proper in this Court as the unlawful employment practices alleged herein have been committed within the Northern District of Alabama.

## CONDITIONS PRECEDENT

5. Plaintiff realleges and incorporates by reference, paragraphs 1 through 4, as if fully stated herein.

6. On December 22, 2015, Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("E.E.O.C."), alleging discrimination on the basis of her race and in retaliation in violation of 42 U.S.C. § 1981 and 42 USC Sec 2000e, et seq, ("Title VII").

7. This Complaint will be amended once the E.E.O.C issues Plaintiff a Right to Sue letter as a result of her charge.

**PARTIES**

8. Krystal Willis is above the age of nineteen (19) and was, at all times relevant hereto, a resident of Madison County, Alabama, and a citizen of the United States of America. As per the allegations *infra*, she has standing to prosecute this action.

9. Krystal Willis brings this action on behalf of herself and all other similarly-situated employees and former employees of Defendant Direct General, to recover unpaid minimum wages, overtime compensation, liquidated damages, attorneys' fees, costs, and other relief under the provisions of the FLSA.

10. Other, similarly-situated employees are or were employed by Defendant Direct General and are referred to herein as "similarly-situated employees" or "others similarly-situated."

11. Defendant Direct General, headquartered in Nashville, Tennessee, was incorporated in 1993 and is a financial services holding company whose principal operating subsidiaries provide non-standard personal automobile insurance, term life insurance, premium finance and other consumer products and services primarily on a direct basis and primarily in the southeastern United States. As of 2007, Direct General Corporation owned five property/casualty insurance companies, two

life/health insurance companies, two premium finance companies, twelve insurance agencies, two administrative service companies and one company that provides non-insurance consumer products and services (collectively, "Direct General"). It is organized as a holding company system with all of its operations being conducted by our wholly-owned subsidiaries, employing more than 2,000 workers.

12. Defendant Direct General is an employer engaged in commerce pursuant to the FLSA and 29 U.S.C. § 203(s)(1)(A)(i) and (ii), and, at all times material hereto, engaged in business within the meaning of the FLSA.

13. Defendant Direct General employed the Plaintiff and other similarly-situated employees within the meaning of the FLSA, is engaged in interstate commerce, and has an annual gross volume of sales meeting or exceeding the jurisdictional requirements of the FLSA.

14. Defendant Direct General directly and by and through its duly-authorized agents, participated in, and continues to participate in, payroll decisions involving the Plaintiff and others similarly-situated, and intentionally, knowingly, and willfully failed and continues to fail to compensate the Plaintiff and others similarly-situated in accordance with the minimum wage provisions of 29 U.S.C. § 206 and the overtime provisions of 29 U.S.C. § 207.

## FACTUAL AVERMENTS

15. Krystal Willis was employed by Direct General from July 20, 2014

until October 22, 2015. During her employment with Direct General, Plaintiff was a sales agent and had no supervisory authority.

16. Plaintiff worked many unrecorded hours off of the clock with the direct knowledge of her supervisors. She was instructed to do the work but was not compensated minimum wage or overtime.

17. Defendant Direct General, Plaintiff, and similarly-situated employees, regularly engage in interstate commerce.

18. Plaintiff, and others similarly-situated, performed and/or perform duties for the Defendant Direct General and were and are subject to the provisions of the FLSA regarding the payment of overtime compensation and minimum wages.

19. During the period from in or around November, 2014, to the present, Defendant Direct General, on numerous occasions, employed Plaintiff and others similarly-situated for hours worked in excess of forty (40) hours in a workweek and failed and refused to compensate them for such time worked in violation of the provisions of 29 U.S.C. §§ 206(a) and 207(a).

20. Defendant Direct General failed to include non-discretionary bonuses paid to the Plaintiff and other similarly-situated employees in calculating their hourly rate for purposes of calculating and paying overtime compensation.

21. Defendant Direct General was required by law to keep and retain possession of records showing the hours worked and wages paid to Plaintiffs and

others similarly-situated.

22. Defendant Direct General was aware of the provisions of the FLSA requiring wages to be paid to Plaintiffs and others similarly-situated, but deliberately or in reckless disregard of the Act willfully failed to pay wages due and lawfully owed to the Plaintiffs and others similarly-situated.

23. Defendant Direct General by and through their duly-authorized agents, failed to act in good faith and had no reasonable grounds for believing that they were not violating the FLSA.

24. Beginning in or around November of 2014, Plaintiff was told by her manager on several occasions to "clock out" at lunch, but stay at work. She was also told to skim her hours by clocking in later than she actually started working. This went on for about six weeks until they hired more staff. In April, 2015 a staff member quit and she was again asked to skim her hours or work off the clock.

25. After the staff member quit in April, 2015 and Plaintiff was again requested to skim her hours, Plaintiff complained to her supervisors about the overtime she was owed. Vickie Conn, her district manager told her that Direct General's President, Brad Little, was "on her about overtime."

26. On or around September 27, 2015, Norman Barfoot, the District Manager, told Plaintiff's coworker that there were "too many African American females working in the Decatur Store" where Plaintiff worked. Later that day

around 4:30 pm Norman Barfoot showed up at Plaintiff's location and transferred the other African American employee to another store.

27. On or about, October 22, 2015, Plaintiff was brought into Norman Barfoot's office and was told she was terminated for loading funds on to her company debit card. This was a common practice performed by all employees. Plaintiff believes she was terminated due to her race and/or in retaliation for requesting to be compensated for the hours she was instructed to work off the clock.

## CAUSES OF ACTION

### Count I
### Violation of the Fair Labor Standards Act

28. Plaintiff reasserts the averments set forth in Paragraphs 1 through 27, hereof, as though fully set forth herein.

29. By the actions and omissions described herein, Defendant violated the FLSA as to Plaintiff, and individuals similarly-situated.

30. By the actions and omissions described herein, Defendant Direct General violated 29 U.S.C. §§ 206(a) and 207(a) as to Plaintiff, and as to individuals similarly-situated.

WHEREFORE, Plaintiff Krystal Willis, on behalf of herself, and all other similarly-situated employees or former employees of Direct General pray that judgment be entered herein against Defendant Direct General in the amount due to her and others similarly-situated as the same may hereafter be identified and named

prior to or at trial, as unpaid wages, liquidated damages, interest, and costs under the provisions of the Fair Labor Standards Act, that this Court will also allow reasonable attorneys' fees to be paid to Plaintiffs, that Defendant Direct General be held liable for payment of the same, and that this Court award such other and further relief, including equitable, to which Plaintiff and others similarly-situated are entitled.

### COUNT II - 42 U.S.C. § 1981 and Title VII Race Discrimination

31. Plaintiff reasserts the averments set forth in Paragraphs 1 through 27, hereof, as though fully set forth herein.

32. Plaintiff avers that the Defendant's conduct constituted disparate treatment, unlawful racial harassment because of her race against Plaintiff and because she objected to race discrimination in violation of 42 U.S.C. § 1981 and 42 USC Sec 2000e, et seq, ("Title VII"). Plaintiff avers that Defendant's actions of discrimination and retaliation against Plaintiff were intentional, performed with malice and/or done with reckless disregard to Plaintiff's federally-protected civil rights and were sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an abusive and hostile working environment; that as a proximate consequence thereof, Plaintiff has lost wages, benefits, and other accrued emoluments associated with her employment; that Plaintiff has been caused to suffer intense emotional distress, embarrassment, humiliation, anxiety and concern; that Plaintiff is entitled to an award of back pay, front pay, benefits, reinstatement,

consequential, and compensatory damages against Defendant; that Defendant's conduct was willful, wanton, and/or reckless or otherwise improper and egregious to a degree that it would require or otherwise substantiate the allowance of punitive damages in an amount to be determined by the court.  As a direct and proximate consequence of Defendant's wrongful conduct, Plaintiff has suffered injuries and damages.

33. Defendant engaged in discrimination against Plaintiff on the basis of her race and retaliated against her because she objected to race discrimination with malice or reckless indifference to Plaintiff's rights under 42 U.S.C. §1981 and Title VII.

34. The conduct described herein constituted unlawful discrimination and retaliation against Plaintiff in terms, conditions, and privileges of employment on the basis of her race in violation of 42 U.S.C. § 1981 and Title VII.

35. Plaintiff has and will continue in the future to suffer pecuniary losses as a direct result of Defendant's violation of 42 U.S.C. § 1981 and Title VII.

WHEREFORE, Plaintiff prays that this Court:

a. Declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights;

b. Enjoin Defendant from engaging in such conduct;

c. Order that Defendant reinstate and provide employment to Plaintiff, free and clear of racial discrimination and retaliation;

d. Award Plaintiff compensatory damages against Defendant that will fully compensate her for mental distress, anguish, pain, suffering and concern that she has suffered as a direct and/or proximate result of the statutory and common law violations of Defendant as set out herein;

e. Enter a judgment against Defendant for such punitive damages as will properly punish Defendant for the statutory and common law violations perpetrated upon Plaintiff as alleged herein, in an amount that will serve as a deterrent to Defendant and others from engaging in similar conduct in the future;

f. Award Plaintiff her costs, disbursements and attorney's fees;

g. Assume continuing and indefinite jurisdiction in order to ensure compliance with the terms of the orders requested herein;

h. Award Plaintiff punitive damages according to the law; and

i. Grant such further and other legal and equitable relief as it may deem just and proper.

Submitted this the 29th day of December, 2015.

                          s/ Eric J. Artrip
                          Teri Ryder Mastando (ASB-4507-E53T)
                          Eric J. Artrip (ASB-9673-I68E)
                          MASTANDO & ARTRIP, LLC
                          301 Washington St., Suite 302
                          Huntsville, Alabama 35801
                          Phone:      (256) 532-2222
                          Fax:          (256) 513-7489
                          tony@mastandoartrip.com
                          teri@mastandoartrip.com
                          artrip@mastandoartrip.com

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL AT:**

**DIRECT GENERAL INSURANCE AGENCY, INC.**
c/o **NATIONAL REGISTERED AGENTS INC.**
**2 NORTH JACKSON STREET SUITE 605**
**MONTGOMERY, AL 36104**